**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

| | | |
|---|---|---|
| **STEVEN M. JOHNSON, PC,** | | |
| **dba THE JOHNSON LAW FIRM** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO.<u>4:14-cv-611</u> |
| | § | |
| **WILLIAM DRAKE,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT,**
**APPLICATION TO COMPEL ARBITRATION**
**& REQUEST FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Steven M. Johnson, PC, dba The Johnson Law Firm, and files Plaintiff's Original Complaint, asking this Court to compel an arbitration proceeding between Plaintiff and Defendant, or alternatively requesting this Court to declare the rights and interests of Plaintiff, and would show this Honorable Court as follows:

**A. PARTIES**

1.     Plaintiff is a professional corporation organized and existing under the laws of the State of Texas, with its principal place of business in Ft. Worth, Texas, and is a citizen of the State of Texas.

2.     Defendant, William Drake, an individual person, is a resident and a citizen of the State of Minnesota, residing at 13630 47th Street North, Stillwater, Minnesota 55082, where Defendant may be served with process.

**B. JURISDICTION**

3.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the matter

in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.  Plaintiff is a citizen of the State of Texas and Defendant is a citizen of the State of Minnesota.

## C.  VENUE

4.      Venue is proper in this Court because this is the district and division which embraces Ft. Worth, Tarrant County, Texas, which is: (a) the place designated in the parties' written contract as the location for binding arbitration hearings and proceedings; (b) the place where the contract was entered into; (c) the place designated for performance and payment of the contract; and (d) the place where all obligations under the contract are performable.

5.      Notwithstanding the agreed locality provisions, venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas.

## D.  PRIOR ACTIONS

6.      There are no prior or heretofore dismissed civil actions arising out of the same transaction or occurrence alleged in this Complaint.

## E.  FACTS

7.      At all times relevant to these pleadings, Steven M. Johnson was an duly licensed attorney in good standing with the State Bar of Texas.

8.      A defective product was surgically implanted into Defendant's body. Defendant asserts personal injuries resulted from this implantation ("claims").

9.      On or about January 24, 2012, Plaintiff and Defendant entered into a valid written contract,

PLAINTIFF'S ORIGINAL COMPLAINT, APPLICATION TO COMPEL ARBITRATION
AND REQUEST FOR DECLARATORY RELIEF / Page 2

entitled Attorney Representation Agreement ("Contract"), with respect to said claims, attached hereto as *Exhibit 1*.

10.     The Contract provides for a fee, contingent on what is recovered, to be computed as forty percent (40%) of all sums recovered on Defendant's claims, in addition to all costs and expenses advanced by Plaintiff, and a lien on Defendant's claims and on any proceeds or judgments recovered in connection with the claims as security for the payment of the attorneys fees, costs and expenses.

11.     On or about November 30, 2012, Defendant sent to Plaintiff written notice of Defendant's unilateral termination of Plaintiff with respect to further representation under the Contract, attached as *Exhibit 2*.

### G.  APPLICATION TO COMPEL ARBITRATION

12.     All foregoing allegations are incorporated herein with the same force and effect as if set forth in full below.

13.     Plaintiff and Defendant entered into a valid and enforceable written contract involving commerce which contains an agreement to arbitrate "any dispute" between Plaintiff and Defendant arising out of such contract.

14.     The Contract provides "...for binding arbitration of any dispute between client and the Firm," and that "...any dispute arising from the interpretation, performance, or breach of this Fee Agreement, ... shall be resolved by final and binding arbitration conducted in Ft. Worth, Texas...."

15.     The dispute at issue, i.e., agreed upon attorneys fee, costs and expenses, and liens as security for the payment of the same, falls within the scope of the agreement to arbitrate and are arbitrable issues.

16.     There is no legal constraint, statute or policy that renders any of the issues nonarbitrable.

17.     Plaintiff is aggrieved by the failure, neglect or refusal of Defendant to arbitrate under the agreement to arbitrate.

18.     It was necessary for Plaintiff to retain counsel to prosecute this action, and Plaintiff has agreed to pay counsel reasonable and necessary fees incurred by Plaintiff for bringing this action.

19.     In accordance with the Federal Arbitration Act, 9 U.S.C. §§1-16, Plaintiff asks the Court to set its Application to Compel Arbitration for hearing and, after hearing the request, to order the parties to arbitrate any disputes between them, including: any dispute arising from the interpretation, performance, or breach of the Contract, including the issues of Plaintiff's entitlement to and amount of attorneys fees, costs and expenses from all sums recovered on Defendant's claims; a lien in favor of Plaintiff on Defendant's claims and on any proceeds or judgments recovered in connection with the claims as security for the payment of attorneys fees, costs and expenses; and Plaintiff's entitlement to and the amount of reasonable and necessary attorneys fees incurred by Plaintiff in bringing this action.

## H.  REQUEST FOR DECLARATORY JUDGMENT

20.     Alternatively, in the event this Court should determine these issues are not proper for referral to arbitration, Plaintiff requests declaratory judgment.

21.     All forgoing allegations are incorporated herein with the same force and effect as if set forth in full below.

22.     Plaintiff requests declaratory judgment under Rule 57, Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202.

PLAINTIFF'S ORIGINAL COMPLAINT, APPLICATION TO COMPEL ARBITRATION
AND REQUEST FOR DECLARATORY RELIEF / Page 4

23.     Plaintiff was at all material times ready, willing and able to prosecute Defendant's claims to conclusion under the terms of the Contract. Plaintiff represented Defendant with regard to the claims, provided legal services and performed under the terms of the Contract until Plaintiff was discharged without good cause by Defendant.

24.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

25.     A dispute exists between Plaintiff and Defendant regarding Plaintiff's rights arising from the Contract.

26.     A judgment in Plaintiff's favor following recovery and disbursement of funds to Defendant may not be subject to satisfaction. If funds recovered on Defendant's claims are disbursed to Defendant without payment or withholding of Plaintiff's fees, costs and expenses, Plaintiff will have no adequate remedy at law to obtain such funds. Declaratory relief prior to disbursement is necessary to prevent loss to Plaintiff.

27.     Plaintiff asks the Court to set its Request for Declaratory Relief, and following trial, to declare the rights and interests of Plaintiff with respect to Plaintiff's entitlement to funds from any and all sums which may be recovered on Defendant's claims, as well as with respect to a lien in favor of Plaintiff on Defendant's claims and on any proceeds or judgments recovered in connection with the claims; and to award Plaintiff reasonable and necessary attorneys fees incurred by Plaintiff in bringing this action.

## I. PRAYER

28.     WHEREFORE, by virtue of the foregoing, Plaintiff asks that Defendant be cited to appear herein as required by law, and that this Court Order as follows:

PLAINTIFF'S ORIGINAL COMPLAINT, APPLICATION TO COMPEL ARBITRATION
AND REQUEST FOR DECLARATORY RELIEF / Page 5

(a)     That Plaintiff and Defendant arbitrate any disputes between them, including: any dispute arising from the interpretation, performance, or breach of the Contract, including the issues of Plaintiff's entitlement to and amount of attorneys fees, costs and expenses from all sums recovered on Defendant's claims; a lien in favor of Plaintiff on Defendant's claims and on any proceeds or judgments recovered in connection with the claims as security for the payment of attorneys fees, costs and expenses; and Plaintiff's entitlement to and the amount of reasonable and necessary attorneys fees incurred by Plaintiff in bringing this action.

(b)     That final and binding arbitration shall take place on or before October 30, 2014, in Ft. Worth, Texas, or such other location within the Northern District of Texas as directed by the arbitrator;

(c)     That the parties shall within 10 days of this order contact a mutually agreed upon arbitrator and schedule arbitration commencing at such time, date and location as directed by the arbitrator consistent with the foregoing paragraph, failing which at the conclusion of 10 days, the parties will immediately contact Judicial Arbitration and Mediation Service ("JAMS") and arbitrate before an arbitrator selected by JAMS selection procedure, commencing at such time, date and location as directed by such arbitrator consistent with the foregoing paragraph;

(d)     That the Court retain jurisdiction until further order of the Court, pending completion of the arbitration proceeding, including to enter judgment upon any award rendered in such arbitration proceedings; and,

    (e)        That the Court grant such other and further relief, at law or in equity, as the Court determines Plaintiff is justly entitled.

Or, alternatively, that on final hearing, this Court enter judgment as follows:

    (A)        A declaration that Plaintiff is entitled to recover an attorneys fee of forty percent (40%) of all sums recovered on Defendant's claims, whether by settlement, judgment or otherwise, in addition to all costs and expenses advanced by Plaintiff in connection with the prosecution of the claims;

    (B)        A declaration that a lien exists in favor of Plaintiff on Defendant's claims, on any settlement proceeds or other monies recovered or to be paid to Defendant or paid for Defendant's benefit with respect to such claims, and on any judgments obtained in connection with such claims, such lien being security for the payment to Plaintiff of an attorneys fee of forty percent (40%) of all sums recovered on Defendant's claims, in addition to all costs and expenses advanced by Plaintiff in connection with the prosecution of the claims;

    (C)        An award of attorney's fees, taxable court costs, and expenses of litigation to Plaintiff for the prosecution of this action;

    (D)        An award of post-judgment interest at the maximum rate allowed by law; and

    (E)        That the Court grant such other and further relief, at law or in equity, as the Court determines Plaintiff is justly entitled.

Respectfully submitted,

Dated: August 1, 2014

/s/ Barry Johnson
Barry Johnson, TBA #10683010
Tom Needham, TBA #14855300
3116 West Fifth Street, Ste. 107
Ft. Worth, Texas 76107
Telephone: (800) 545-8188
Facsimile: (469) 248-0602
**ATTORNEYS FOR PLAINTIFF
STEVEN M. JOHNSON, PC.
DBA THE JOHNSON LAW FIRM**