ATTORNEY REPRESENTATION AGREEMENT - DEPUY ASR HIP DEVICE

1. CLIENT(S), hereby retain(s) Steven M. Johnson, P.C d/b/a **The Johnson Law Firm** (JLF), (hereinafter "attorneys" or "Firm") as attorneys to bring all claims Client may have against the manufacturer and distributor of the DEPUY ASR HIP DEVICE that caused Client's injuries, hereafter referred to as the "claim."

2. Client understands and agrees that The Firm has not been retained to investigate or pursue, and will not investigate or pursue, any medical malpractice action against client's doctors or any healthcare provider or facility.

3. For services rendered and to be rendered in this matter client agrees to pay the attorneys a fee, CONTINGENT ON WHAT IS RECOVERED in this matter by way of settlement, judgment or otherwise, to be computed as **FORTY PERCENT (40%)** of all sums recovered.

4. After the above fees are deducted, client shall pay to attorneys, **ONLY OUT OF THE CLIENT'S SHARE OF THE RECOVERY AND NOT OUT OF CLIENT'S POCKET**, all court costs and expenses, advanced by the attorneys in connection with said matter. Costs shall include any "MDL Assessment or Fee", "common benefit fee" or any other fee or cost imposed by any court or withheld from any settlement or judgment. The attorneys are authorized to incur those expenses they deem reasonable and necessary to accomplish a satisfactory resolution of the claim and shall advance those expenses as incurred. The cost of these services not to exceed the customary and reasonable charges for such services in the geographic location they are provided. **CLIENT WILL NOT OWE THE FIRM EITHER A FEE, REIMBURSEMENT OF EXPENSES, OR ANY OUT OF POCKET AMOUNTS IF AT THE FINAL DISPOSITION OF THE CASE NOTHING IS RECOVERED ON BEHALF OF THE CLIENT.**

5. Attorneys, their agents and employees, shall take all steps deemed by them to be necessary, reasonable and appropriate to properly prosecute the claim.

6. THE CLIENT HEREBY GRANTS THE ATTORNEYS A LIEN ON THIS CAUSE OF ACTION, and a lien on any proceeds and any judgments recovered in connection with this cause of action as security for the payment of attorneys' fees and expenses as contracted for herein. Attorneys may assign their interest.

7. THE CLIENT AGREES THAT THE ATTORNEYS RETAIN THE RIGHT AT ANY TIME FOLLOWING INVESTIGATION, DISCOVERY, OR LEGAL RESEARCH, TO RELEASE THEMSELVES FROM THIS CONTRACT AND WITHDRAW FROM THE REPRESENTATION OF THE CLIENT. THE ATTORNEYS WILL RETAIN A LIEN ON THE CASE FOR EXPENSES AND COSTS IN THE EVENT OF SUCH A WITHDRAWAL, WHICH HAVE BEEN ADVANCED ON THE CLIENT'S BEHALF. THE CLIENT AGREES TO PROTECT SUCH SUMS OUT OF ANY RECOVERY ULTIMATELY OBTAINED IN THE CASE.

8. This contract is entered into in Tarrant County, Texas, which shall also be the place of performance and payment in accordance with the terms of the contract. Furthermore, this contract contains all the agreements of the parties. This agreement shall be construed in accordance with the laws of the State of Texas, and all obligations of the parties are performable in Tarrant County, Texas. In case any one or more of the provisions contained in this agreement shall be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision, and this agreement shall be construed as if such invalid, illegal, or unenforceable provision did not exist. This agreement constitutes the only agreement of the parties and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter.

9. CLIENT hereby gives ATTORNEY power of attorney to execute all documents, in CLIENT'S name, associated with any litigation which may arise out of the incident in question, including, but not limited to, authorizations for the release of protected records, interrogatory answers, affidavits, trust documents, and/or other litigation-related documentation.

10. Before signing this fee contract, I acknowledge that I have read it completely and understand it, or that it has been read and explained to me, and that all blanks have been completed and that I have received a copy.

11. This contract is binding on the clients' heirs, executors, administrators and guardians of the person or estate.

12. The client acknowledges that the attorneys have made NO GUARANTEE regarding the successful resolution of said cause of action, and all expressions relative thereto are matters of attorneys opinion only and shall not be considered as express or implied warranties of the claim's outcome.

13. Attorneys have advised Client of the advantages and disadvantages of the use of arbitration to resolve any disputes arising from the interpretation, performance, or breach of this Fee Agreement. Client acknowledges that the Client understands that agreement to arbitration means that Client gives up or waives the right to a jury trial, which may affect the amount of damages, if any, ultimately awarded to the Client, and that the Client's right to discovery will be more limited than in a trial proceeding. It is, nevertheless, Client's desire that this Fee Agreement provide for binding arbitration of any disputes between client and the Firm.          ***[CLIENT INITIAL HERE __WSD__ X

14. Attorneys and Client agree that any dispute arising from the interpretation, performance, or breach of this Fee Agreement, including any claim of legal malpractice, but not including attorney disciplinary proceedings, shall be resolved by final and binding arbitration conducted in Fort Worth, by any other arbitrator that The Firm may choose. Attorneys and Client further agree that judgment upon any award rendered by the arbitrator in such proceedings may be entered by any state or federal court with jurisdiction over the matter.          ***[CLIENT INITIAL HERE __WSD__ X

15. Client acknowledges that Attorneys have specifically advised Client of the advantages and disadvantages of the use of arbitration to resolve disputes arising from the interpretation, performance, or breach of this Fee Agreement and given Client the opportunity to seek the advice of independent counsel concerning this provision and Client has either done so or expressly declines to do so.          ***[CLIENT INITIAL HERE __WSD__ X

16. I hereby swear and affirm I voluntarily and of my own free will and choice, without any solicitation whatsoever, by The Firm or anyone else, including any referring attorney, employed The Firm, without any promise of any remuneration or special favor, as my attorneys to compromise, settle, try or receive for and in my name all damages arising to me out of the above styled case.

17. I AM NOT REPRESENTED BY ANY OTHER LAW FIRM OR ATTORNEY ON THIS CLAIM.

_____ DATE 1/24/12
CLIENT

_____ DATE 2/2/12
STEVEN M. JOHNSON, THE JOHNSON LAW FIRM

*JLF_Drake_William_Bates_017*